UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAUL FINEBAUM, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 2:11-CV-02765-LSC |
| | ] | |
| CITADEL BROADCASTING CO., | ] | |
| | ] | |
| Defendant. | ] | |
| | | |
| PAUL FINEBAUM, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 2:11-CV-02788-LSC |
| | ] | |
| CITADEL BROADCASTING CO., et al., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION[1]

I.    Introduction.

The Court has for consideration Plaintiff's motion to remand in

*Finebaum v. Citadel Broadcasting Co.*, 2:11-CV-2765-LSC ("*Finebaum I*" or

---

[1]The above-entitled actions are not consolidated.   However, for ease of discussion, the Court issues this Memorandum of Opinion in both cases.

"FI") (FI Doc. 16), Plaintiff's motion to remand in *Finebaum v. Citadel*

*Broadcasting Co., et al.*, 2:11-CV-2788-LSC ("*Finebaum II*" or "FII") (FII Doc.

11), and a motion to dismiss without prejudice in *Finebaum I* (FI Doc. 17).

The issues raised in these motions have been briefed by the parties and are

ripe for review.  For the reasons outlined below, Plaintiff's motion to

remand *Finebaum I* is DENIED, Plaintiff's motion to remand *Finebaum II* is

GRANTED, and the Court withholds ruling on Plaintiff's motion to dismiss.

II.     Background.

        Plaintiff Paul Finebaum, a resident citizen of Shelby County, Alabama,

filed *Finebaum I* in the Circuit Court of Jefferson County, Alabama, on July

6, 2011.  In *Finebaum I*, Plaintiff sought a declaratory judgment related to

his employment agreement with the defendant, Citadel Broadcasting

Company ("Citadel"), a Nevada corporation with its principal place of

business in Las Vegas, Nevada.  At Plaintiff's request, the Jefferson County

Circuit Court placed *Finebaum I* under seal.

        On August 3, 2011, at 11:11 a.m., Citadel conventionally filed an

Emergency Motion for Leave to File Notice of Removal Under Seal with this

Court.  (FI Doc. 1.)  Citadel maintains that they filed the motion in

deference to the state court's order sealing the case.  The Emergency Motion was entered into this Court's CM/ECF system at 11:45 a.m., and electronic notice of the filing was emailed to counsel for both Citadel and Plaintiff at 11:46 a.m.  Judge Abdul K. Kallon granted Citadel's Emergency Motion at 11:48 a.m., and electronic notice was distributed to counsel for Citadel and Plaintiff at the same time.  Citadel subsequently hand-filed its Notice of Removal, under seal, with the Court at 12:21 p.m.  The sealed Notice of Removal was entered into the CM/ECF system at 1:41 p.m., but counsel do not receive electronic notice of sealed documents.

After filing the Notice of Removal, Citadel hand-filed a Notice of Filing Notice of Removal, under seal, with the Jefferson County Circuit Court at approximately 2:00 p.m.  The state court docket reflects that *Finebaum I* was disposed by removal at 4:42 p.m. on August 3, 2011.

While Citadel was following the steps to effect removal of *Finebaum I*, Plaintiff decided to dismiss the case.  At approximately 1:30 p.m. on August 3, 2011, Plaintiff conventionally-filed a notice of voluntary dismissal with the Jefferson County Circuit Court.  The Notice was never electronically filed by the state court clerk, and the original document cannot be located.

When Plaintiff's counsel presented its stamped copy, however, Judge J. Scott Vowell entered an order on August 10, 2011, directing the court clerk to docket the notice of dismissal as filed on August 3, 2011.

Citadel filed its Answer and Corporate Disclosure Statement with this Court at 4:31 p.m. on August 3, 2011.  Citadel then notified Plaintiff that *Fimebaum I* had been removed by emailing the Notice of Removal, Answer, and Notice of Filing Notice of Removal to Plaintiff's counsel at 5:03 p.m. Plaintiff's counsel responded with an emailed copy of the notice of voluntary dismissal at 5:54 p.m.

Believing he had dismissed *Finebaum I*, Plaintiff filed a new complaint ("*Finebaum II*") in the Jefferson County Circuit Court the next day, August 4, 2011.  The new complaint included the equitable relief sought from Citadel in *Finebaum I*, as well as Alabama state tort law claims for negligence, conversion, and wantonness against Citadel and Alabama citizen Bill Thomas, a general manager for Citadel.  Later that same day, Plaintiff filed a First Amended Complaint, which asserted the same negligence, conversion, and wantonness claims against Alabama citizens Gigi South and Billi Jo Scudder, two former Citadel employees, and added

misrepresentation and suppression claims against all defendants.  Citadel

removed *Finebaum II* on August 8, 2011.

III.    Standard.

"Federal courts are courts of limited jurisdiction. They possess only

that power authorized by Constitution and statute." *Kokkonen v. Guardian*

*Life Ins. Co. of Am.,*  511 U.S. 375, 377 (1994).  For removal to be proper,

the court must have subject-matter jurisdiction in the case.  "Only state-

court actions that originally could have been filed in federal court may be

removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*,

482 U.S. 386, 392 (1987).  In addition, the removal statute must be strictly

construed against removal, and any doubts should be resolved in favor of

remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendants bear the burden of establishing subject-matter jurisdiction.  *See*

*Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

IV.    Discussion.

In his motions to remand, Plaintiff argues that *Finebaum I* must be

remanded because he dismissed the action in the Jefferson County Circuit

Court before Citadel's removal was complete.  In the alternative, Plaintiff

contends that Citadel has not established the case meets the diversity requirement for an amount in controversy and/or that all prerequisites for removal were followed.  (FI Doc. 18.)  Plaintiff further maintains that *Finebaum II* is due to be remanded because one or more of the defendants are resident citizens of the State of Alabama and diversity of citizenship does not exist.  (FII Doc. 12.)  Defendant argues that its removal of both cases is proper, the non-diverse defendants in *Finebaum II* were fraudulently joined to defeat federal jurisdiction, and Plaintiff's claims in *Finebaum II* are barred because Plaintiff cannot maintain two cases alleging the same cause of action.

    A.    *Finebaum I.*

        1.    The Race to State Court.

The Court begins with the *Finebaum I* timeline.  It is undisputed that Citadel filed its notice of removal of *Finebaum I* in this Court and notified both the state court and opposing counsel of the removal on the same day, August 3, 2011.  Typically, this is sufficient to effect removal.  Yet, while the Court's electronic filing system provides numerous benefits for counsel and the Court, it can also create unique situations like the one at hand.

Electronic notification of Citadel's Emergency Motion for Leave to File

Notice of Removal Under Seal was sent to smartphone-wielding counsel at

11:46 a.m., and Plaintiff raced to file a notice of voluntary dismissal of

*Finebaum I* with the state court at approximately 1:30 p.m.  Citadel filed its

Notice of Removal, under seal, in this Court at 12:21 p.m., and filed its

Notice of Filing Notice of Removal with the state court at approximately

2:00 p.m.   The question for the Court now is: was Plaintiff's dismissal

effective?

The removal statute provides:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. . . .

> (d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect

> the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446.  In sum, there are three requirements for a defendant to remove a case: (1) file a notice of removal in federal court, (2) give prompt written notice of the removal to adverse parties, and (3) promptly file a copy of the notice of removal with the state court.  Plaintiff does not dispute that jurisdiction vested with this Court upon the filing of the Notice of Removal at 12:21 p.m.  *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997).  However, Plaintiff argues that this Court and the state court had "concurrent" jurisdiction until Citadel filed its Notice of Filing Notice of Removal with the state court at approximately 2:00 p.m.  *See, e.g.*, *Berberian v. Gibney*, 514 F.2d 790, 792-93 (1st Cir. 1975) ("[W]e are inclined to agree with Professor Moore, that the jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and that both state and federal courts have jurisdiction until the process of removal is completed.).  Plaintiff reasons that removal was not *effected* or complete until that notice was filed with the state court; therefore, the

state court had the jurisdiction and authority to receive Plaintiff's notice of voluntary dismissal at 1:30 p.m.

There is authority in this circuit supporting Plaintiff's assertion of "concurrent" jurisdiction.  In *Medrano v. State of Tex.*, 580 F.2d 803 (5th Cir. 1978)[2], the appellate court determined that despite the filing of a notice of removal in federal court, the state court retained jurisdiction of the case until actual or constructive notice was provided to the state court. *Id*. at 804.  The Fifth Circuit has since held that constructive notice to the state court may be accomplished through counsel for the adverse parties. In *Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545 (5th Cir. 1985), the court found that constructive notice to the state court occurred when the adverse party's counsel had notice of the removal and then participated in the state court action.  The court reasoned: "In the absence of proof that they failed in their duty as officers of the court to advise the state court of the removal before seeking [relief] in that forum, we presume that they properly discharged their duty to the state court and advised the court of the

---

[2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

removal . . . ."  *Id*. at 547.  Unlike the case at hand, counsel in *Dukes* participated in federal litigation for some time before seeking relief in state court.  However, the Court finds the Fifth Circuit's rationale persuasive.

In this case, two members of Plaintiff's counsel received email notifications on August 3, 2011, that Citadel filed an Emergency Motion for Leave to File Notice of Removal Under Seal at 11:46 a.m., and that Judge Kallon granted that motion at 11:48 a.m.  Plaintiff argues that "there is a significant difference between notice of an intent to do something in the future, and notice of an action that has already taken place."  (Doc. 28 at 4.)  However, Plaintiff cannot seriously contend that he believed Citadel might wait a few days to file its Notice of Removal after permission was granted to file it under seal.  Plaintiff rushed to the state courthouse because he had notice that Citadel was filing its Notice of Removal and hoped to beat the clock.

*Finebaum I* was sealed before the Jefferson County Circuit Court at Plaintiff's request.  Therefore, Citadel had no choice but to follow the laborious and somewhat prolonged process of seeking permission to file, and filing the notice of removal and accompanying documents for *Finebaum I*

under seal.   Plaintiff's counsel are both admitted to this Court and are

familiar with the administrative procedures for civil practice.   They know

that counsel must request and receive leave to file, then conventionally-file

a sealed document and wait for a Clerk's Office employee to enter the

document into the electronic system.   They also know that when a sealed

document is entered into the electronic system, notice is not emailed to

counsel.   When Plaintiff's counsel rushed to dismiss *Finebaum I* in state

court, they had notice that Judge Kallon granted Citadel permission to file

the Notice of Removal under seal.   It is the Court's determination that

Plaintiff's knowledge was sufficient to invoke a duty on the part of

Plaintiff's counsel to determine, through a phone call to the Court Clerk's

office, whether the Notice of Removal had been filed here before

proceeding in state court.   Plaintiff had constructive notice that the Notice

of Removal was being filed.   At that point, Plaintiff's counsel is obligated to

advise the state court of the status of the removal in progress, resulting in

constructive notice to the state court.   Because Plaintiff filed his notice of

voluntary dismissal in state court with constructive notice that Defendant

was filing its Notice of Removal with the federal court, his notice of dismissal is void.

        2.     Procedural Defect.

Plaintiff also contends that Citadel's removal is defective for failure to attach the summons served on general manager, Bill Thomas.  This argument is without merit.  The *Finebaum I* complaint was served on Citadel directly, and on Bill Thomas at the same address.  Citadel did neglect to attach the summons received by Bill Thomas.  However, "the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect." *Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1149 (11th Cir. 2009).  Moreover, the failure to file all state court papers is "curable in the federal court if there is a motion to remand." 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3733 (2008) (quoted in *Cook*, 573 F.3d at 1149).  Citadel has since filed the summons and the omission has been corrected.  (FI Doc. 22.)

3.     Amount in Controversy.

Plaintiff  further  maintains  that  *Finebaum  I*  should  be  remanded

because Citadel has failed to establish the amount in controversy exceeds

$75,000.  This objection also fails.  When "damages are unspecified, the

removing party bears the burden of establishing the jurisdictional amount

by a preponderance of the evidence."  *Lowery v. Ala. Power Co.*, 483 F.3d

1184, 1208 (11th Cir. 2007); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319

(11th Cir.2001).  "The substantive jurisdictional requirements of removal do

not  limit  the  types  of  evidence  that  may  be  used  to  satisfy  the

preponderance of the evidence standard."  *Pretka v. Kolter City Plaza II,*

*Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).  "Defendants may introduce their

own affidavits, declarations, or other documentation—provided of course

that removal is procedurally proper."  *Id*.

Plaintiff seeks only declaratory relief in *Finebaum I*.  "When a plaintiff

seeks  injunctive  or  declaratory  relief,  the  amount  in  controversy  is  the

monetary  value  of  the  object  of  the  litigation  from  the  plaintiff's

perspective."  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d

805, 807 (11th Cir. 2003) (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069,

1077 (11th Cir. 2000)).  Worded differently, if the declaratory and injunctive relief sought by the plaintiff is worth more than $75,000, then the amount in controversy is sufficient to establish federal jurisdiction.  *See AAA Abachman Enters., Inc. v. Stanley Steemer Intern., Inc.*, 268 Fed. Appx. 864, 866 (11th Cir. 2008).

In *Finebaum I*, Plaintiff seeks a declaration from this Court that Citadel has breached the terms of his employment agreement and the second amendment to that agreement is void.  The employment agreement at issue includes an exclusivity provision and a covenant not to compete.  In *Finebaum II*,[3] Plaintiff filed a motion for temporary restraining order and preliminary injunction outlining his position that (1) Citadel's breach of the employment agreement resulted in a termination of the terms of that agreement; (2) he had received an offer of employment from Cox Radio, a competitor of Citadel, on July 28, 2011; and (3) he wanted to accept the offer but was precluded from doing so if the employment agreement was in effect, as Citadel maintained.  (FII Doc. 2-2 at 3.)  The compensation

---

[3]A court may taken judicial notice of related proceedings and records in cases before the Court.  *See, e.g., State of Fla. Bd. of Trustees of Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

offered by Cox Radio for Finebaum's potential employment is clearly well in excess of $75,000.  (*Id*. at 62-63.)

"[T]he removing defendant must establish the amount in controversy by 'the greater weight of the evidence, . . . a superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'" *Lowery*, 483 F.3d at 1209 (quoting Black's Law Dictionary 1220 (8th ed. 2004)).  The "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  *Pretka*, 608 F.3d at 753.  "The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life."  *Id*.

It is evident to the Court from the terms of Cox Radio's employment offer that the value of a declaratory judgment in *Finebaum I* was worth more than $75,000 to Plaintiff, exclusive of interest and costs, at the time of removal.  Plaintiff's motion to remand *Finebaum I* will be denied.

B.    *Finebaum II.*

Having decided the Court has jurisdiction of *Finebaum I*, the next step

is to address the issues presented by *Finebaum II*.[4]   Citadel maintains that

the non-diverse defendants in *Finebaum II* were fraudulently joined to

defeat federal jurisdiction, and Plaintiff's claims in *Finebaum II* are barred

because Plaintiff cannot maintain two cases alleging the same cause of

action.

*Finebaum I* is still a live case.   Therefore, Plaintiff currently has two

actions for declaratory judgment pending against Citadel.   Alabama Code

§ 6-5-440 "by its plain language, forbids a party from prosecuting two

actions for the 'same cause' and against the 'same party.'"   *Ex parte J.E.*

*Estes Wood Co., Inc.*, 42 So. 3d 104, 108 (Ala. 2010) (*quoting Ex parte*

*Norfolk S. Ry. Co.*, 992 So. 2d 1286, 1289 (Ala. 2008)).   The provision applies

whether the action is pending in state or federal court in Alabama.   *Id*.

Because the added state tort law claims against Citadel in *Finebaum II* "arise

---

[4]The parties have filed various motions to strike affidavits.  (Docs. 20, 25, 28.)
The motions are DENIED.  The admissibility of evidence was carefully weighed by the
Court.  Inadmissible and immaterial evidence was rejected by the Court in making its
final decision.

from the same alleged fact situation as *Finebaum I*, these claims also constitute the "same cause" and are abated.  *See Terrell v. City of Bessemer*, 406 So. 2d 337, 339 (Ala. 1981).

Citadel contends that Plaintiff's claims against the remaining, non-diverse defendants are also abated and/or do not state a claim upon which relief can be granted.  However, since Plaintiff cannot proceed with his claims against the only diverse defendant in *Finebaum II*, there is no support for an argument that this Court has the jurisdiction to decide that Plaintiff's state law claims against solely Alabama citizens are dead.[5]  Those issues are best handled by the state court.  Accordingly, Plaintiff's motion to remand *Finebaum II* will be granted.

V.    Conclusion.

For the reasons outlined above, Plaintiff's motion to remand *Finebaum I* will be denied, and Plaintiff's motion to remand *Finebaum II* will

---

[5]Since Plaintiff cannot pursue his claims against Citadel in *Finebaum II*, the Court does not see fraudulent joinder as an issue that needs to be addressed.  However, after full review of the admissible evidence presented, as well as the arguments made by counsel on the issue of fraudulent joinder, the Court concludes that Citadel has not established that the *Finebaum II* complaint, as amended, fails to state a claim against any of non-diverse defendants.

be granted.    Separate orders will be entered.    The Court is confident,

however, that this will not resolve Plaintiff's dispute with proceeding in this

Court.   No doubt, Plaintiff will seek to dispose of *Finebaum II* in the state

court and amend the complaint in *Finebaum I* to add his tort law claims

against Citadel and his claims against the non-diverse defendants named in

*Finebaum II*.    If such a motion is filed, the Court is inclined to grant that

motion and remand *Finebaum I* to state court.   28 U.S.C. § 1447(e) ("If after

removal the plaintiff seeks to join additional defendants whose joinder

would destroy subject matter jurisdiction, the court may deny joinder, or

permit joinder and remand the action to the State court.").

      Done this <u>5th</u> day of <u>October 2011</u>.

_____

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297